# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JUSTIN ANTRIM,

    **Plaintiff,**

v.

STANDARD SECURITY LIFE INSURANCE COMPANY OF NEW YORK,

    **Defendant.**

Case No. 5:18-cv-04092-HLT-GEB

## MEMORANDUM AND ORDER

Plaintiff Justin Antrim brings this action against Defendant Standard Security Life Insurance Company of New York for breach of contract and attorneys' fees and costs related to Defendant's denial of coverage for certain expenses incurred by Plaintiff. Doc. 1. Defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the complaint fails to state a claim for relief because the plain and unambiguous language of Plaintiff's insurance policy excludes coverage for the expenses at issue. Docs. 7-8. Because the Court finds that the relevant policy provisions are ambiguous regarding whether the expenses incurred by Plaintiff are excluded, the Court denies Defendant's motion to dismiss.

## I.    BACKGROUND

The following background accepts as true Plaintiff's well-pleaded factual allegations. Plaintiff purchased a Short Term Medical Expense Insurance Policy ("Policy") from Defendant with an effective date of March 2, 2017. Doc. 1 ¶ 6; Doc. 8-1. During the term of the Policy, on or about June 19, 2017, Plaintiff sought treatment from a dentist at the Stockton Dental Center in

Stockton, Kansas. Doc. 1 ¶ 7.[1] During the visit, the dentist informed Plaintiff that he would need a root canal. *Id.* at ¶ 8. Because she was unable to perform the procedure due to a large abscess in the injured tooth, the doctor prescribed Plaintiff medication for the infection; however, the infection worsened, requiring Plaintiff to be hospitalized at the Hays Medical Center ("HMC"). *Id.* at ¶¶ 8-11. After receiving treatment at HMC, Plaintiff was transferred to Wesley Medical Center ("WMC") in Wichita, Kansas, where he underwent surgery on his tooth. *Id.* at ¶¶ 12-13, 15. Plaintiff incurred a total of $86,487.32 in expenses in connection with his hospital admissions and surgery. *Id.* at ¶¶ 18-19.

Plaintiff subsequently sought coverage under the Policy for these expenses. Defendant denied Plaintiff coverage, and Plaintiff brought this action for breach of contract and attorneys' fees and costs pursuant to K.S.A. § 40-256. Doc. 1 ¶ 20.

## II. STANDARD

Under Rule 12(b)(6), to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's claim is facially plausible if he pleads sufficient factual content to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully" but "is not akin to a 'probability requirement.'" *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

---

[1] In his complaint, Plaintiff states that Delta Dental paid the expenses for this visit and concedes that they are not covered under the Policy. Doc. 1 ¶ 18. It is therefore the Court's understanding that the expenses from Plaintiff's treatment at the Stockton Dental Center are not part of this lawsuit.

This standard results in two principles that underlie a court's analysis. *Id.* First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Stated differently, though the court must accept well-pleaded factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)(2)). "In keeping with these [two] principles, a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

## III. ANALYSIS

Plaintiff alleges the Policy covers the expenses he incurred in connection with his hospital admissions and surgery and brings claims for (1) breach of contract and (2) attorneys' fees and costs under K.S.A. § 40-256 related to Defendant's denial of coverage. Doc. 1. Defendant moves to dismiss pursuant to Rule 12(b)(6), arguing that Plaintiff fails to state a claim for breach of contract because the Policy expressly excludes coverage for the expenses Plaintiff seeks to recover. Doc. 8 at 8-11. Defendant also maintains that, because Plaintiff fails to state a claim for breach of contract, Plaintiff necessarily cannot establish a claim for attorneys' fees and costs pursuant to K.S.A. § 40-256. *Id.* at 11. For the following reasons, the Court finds that the plain language of

the relevant provisions of the Policy are ambiguous regarding whether the expenses incurred by Plaintiff are excluded from coverage and, accordingly, denies Defendant's motion to dismiss.

### A. Breach of Contract

Count I of the complaint alleges a claim for breach of contract. Because Plaintiff invokes the Court's jurisdiction under 28 U.S.C. § 1332, the Court applies the substantive law of the forum state. *See State Farm Mut. Auto. Ins. Co. v. Blystra*, 86 F.3d 1007, 1010 (10th Cir. 1996) (holding that a federal court sitting in diversity is bound to apply the substantive law of the state in which it sits). To prove a claim for breach of contract under Kansas law, a plaintiff must show: "(1) the existence of a contract between the parties; (2) sufficient consideration to support the contract; (3) the plaintiff's performance or willingness to perform in compliance with the contract; (4) the defendant's breach of the contract; and (5) damages to the plaintiff caused by the breach." *Stechschulte v. Jennings*, 298 P.3d 1083, 1098 (Kan. 2013). In its motion to dismiss, Defendant essentially contends that Plaintiff cannot establish the fourth element of his prima facie case—i.e., a breach of the Policy—because under the Policy's plain and unambiguous language the expenses incurred by Plaintiff are excluded from coverage and, therefore, Defendant did not breach the Policy by denying coverage. Doc. 8 at 8-11.

Kansas law provides that, like any other written contract, the language of an insurance policy is construed to give effect to the intention of the parties. *Catholic Diocese of Dodge City v. Raymer*, 840 P.2d 456, 459 (Kan. 1992). If the terms of the contract are unambiguous, the court considers only the plain language of the contract without applying rules of construction. *Osterhaus v. Toth*, 249 P.3d 888, 896 (Kan. 2011). Upon a finding of ambiguity, however, the court may look outside the contract to extrinsic or parol evidence in interpreting the contract's language. *Waste Connections of Kan., Inc. v. Ritchie Corp.*, 298 P.3d 250, 264 (Kan. 2013).

The question of whether a written contract is ambiguous is one of law for the court. *Simpson v. City of Topeka*, 383 P.3d 165, 177 (Kan. App. 2016). "Typically, the words used in a contract should be given their common or customary meaning." *Id.* Ambiguity exists where "'the face of the instrument leaves it genuinely uncertain which one of two or more meanings is the proper meaning.'" *Id.* (quoting *Raymer*, 840 P.2d at 459). Put simply, an ambiguous contract contains "'provisions or language of doubtful or conflicting meaning.'" *Id.* (quoting *Simon v. Nat'l Farmers Org., Inc.*, 829 P.2d 884, 888 (Kan. 1992)). "The test to determine whether an insurance contract is ambiguous is not what the insurer intends the language to mean, but what a reasonably prudent insured would understand the language to mean." *First Fin. Ins. Co. v. Bugg*, 962 P.2d 515, 519 (Kan. 1998). Because an insurer prepares its own contracts, it has a duty to make the meaning clear and, where the terms of an insurance policy are "ambiguous or uncertain, conflicting, or susceptible of more than one construction, the construction most favorable to the insured must prevail." *Raymer*, 840 P.2d at 459. "If the insurer intends to restrict or limit coverage provided in the policy, it must use clear and unambiguous language in doing so; otherwise, the policy will be liberally construed in favor of the insured." *Id.*

Here, the Court finds the relevant language ambiguous. In its motion, Defendant argues Plaintiff's claims should be dismissed because the expenses at issue in this case are expressly excluded under the plain language of the Policy's limitations and exclusions. Doc. 8 at 8-11. The relevant exclusion reads:

> [Defendant] will not pay for loss or expense caused by or resulting from . . . [e]xpenses for dental treatment or care or orthodontia or other treatment involving the teeth or supporting structures, except as specifically covered.

Doc. 8-1 at 18-19. The Court disagrees with Defendant that this exclusion plainly applies to the expenses at issue here and, rather, finds the exclusion ambiguous and subject to differing interpretations.

First, the precatory language in the limitations and exclusions section renders the pertinent exclusion ambiguous. Read together with the precatory language, the exclusion reads that Defendant will not pay for "expense" caused by or resulting from "expenses." *Id.* The composition of this phrase renders its meaning unclear. Second, the exclusion itself includes several undefined terms whose common and customary meanings are unclear, including "dental treatment or care," "orthodontia," and "supporting structures."[2] *Id.* at 19. Defendant does not define these terms to otherwise explain their meaning. And, underscoring the exclusion's ambiguity, Plaintiff offers an alternative definition of "dental treatment" (as used in this exclusion) in his response to Defendant's motion that appears reasonable at the motion to dismiss stage. Doc. 13; *see Bugg*, 962 P.2d at 519 ("The test to determine whether an insurance contract is ambiguous is not what the insurer intends the language to mean, but what a reasonably prudent insured would understand the language to mean."). Because the exclusion includes multiple undefined and unclear terms, the Court finds the provision ambiguous.

In sum, the exclusionary language at issue leaves it genuinely uncertain whether the expenses related to Plaintiff's hospital admissions and surgery—which, as Plaintiff alleges in his complaint, pertained to a tooth infection—are excluded under the Policy. Because the language relied upon by Defendant in seeking to dismiss is therefore ambiguous, the Court denies Defendant's motion with respect to Plaintiff's claim for breach of contract.

---

[2] For example, "supporting structures" could encompass a variety of different meanings, including the gums, bone, hardware, or other artificial structure.

## B. Attorneys' Fees and Costs Under K.S.A. § 40-256

K.S.A. § 40-256 authorizes an award of reasonable attorneys' fees and costs to an insured who obtains a judgment against an insurance company if it appears from the evidence that the insurer has refused to pay a loss "without just cause or excuse." Plaintiff has pleaded sufficient facts to state a plausible claim for breach of contract and to allege that Defendant failed to pay Plaintiff's expenses without just cause or excuse. The Court accordingly denies Defendant's motion to dismiss Plaintiff's statutory fee claim.

## IV. CONCLUSION

THE COURT THEREFORE ORDERS that Defendant's motion to dismiss Plaintiff's complaint (Doc. 7) is DENIED.

IT IS SO ORDERED.

Dated: January 9, 2019 /s/ *Holly L. Teeter*
HOLLY L. TEETER
UNITED STATES DISTRICT JUDGE